El Pueblo de Puerto Rico, demandante y apelante, *v.* Jorge Palacios, acusado y apelado. El Pueblo de Puerto Rico, demandante y apelante, *v.* Jorge Palacios, acusado y apelado.

Nos. 4333 y 4334.—*Sometidos:* Marzo 5, 1931. *Resueltos:* Marzo 13, 1931.

*R. A. Gómez*, abogado de *El Pueblo*, apelante.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En estos dos casos se imputó al acusado Jorge Palacios, como infracción al artículo 440 del Código Penal, el hecho de haber "ilegal, voluntaria y maliciosamente, con la intención de perjudicar y defraudar a la Porto Rico Railway Light and Power Co., que es una compañía de servicio público. . . autorizada para producir y vender corriente eléctrica, . . . aflojado un tapón o fusible de la instalación destinada a suministrar luz" (en el caso número 4333 en la casa de Dolores Giusti y en el caso número 4334 en la casa de Gumersindo Márquez) "y conectado con dicha instalación un alambre en contacto con la tierra, obstruyendo así la acción del metro usado para registrar la luz, haciendo de ese modo que se eludiera el pago del derecho correspondiente por la luz con-

sumida, y perjudicando y defraudando a la mencionada compañía, dueña de la corriente.''

En ambos casos el acusado alegó por vía de excepción perentoria que la denuncia no aducía hechos suficientes para imputarle la comisión del delito previsto y castigado en el artículo 440 del Código Penal, y la corte declaró con lugar la excepción, sobreseyendo en las causas y absolviendo al acusado. No conforme el fiscal, apeló. Sostiene que las denuncias son suficientes, con razón, a nuestro juicio.

El artículo 440 del Código Penal, copiado a la letra, dice:

"Toda persona que con el propósito de perjudicar o defraudar, hiciere, o mandare hacer algún tubo, conducto, alambre, u otro instrumento, y lo conectare o hiciere conectar con la cañería maestra, tubo de conducción u otro tubo, alambre o conexión usada para surtir de gas de alumbrado o luz eléctrica, de modo que se surta de gas de alumbrado o luz eléctrica a cualquier quemador, orificio, globo u otra conexión, en que se consuma o por el cual se trasmita dicho gas o luz, alrededor del metro provisto para medir y registrar la cantidad consumida, y sin pasar por dicho metro, o de cualquier otro modo, con el fin de eludir el correspondiente derecho, así como toda persona que con igual propósito obstruyere la acción de dicho metro, incurrirá en *misdemeanor*."

Las razones que tuvo la corte sentenciadora para concluir que las denuncias no imputaban al acusado la comisión del delito previsto y castigado en ese artículo, se expresaron por su propio juez, así:

"La corte entiende que para la comisión de este delito es necesario que el acusado realice una de dos cosas: haga o mande a hacer algún tubo, conducto, alambre u otro instrumento y lo conecte o haga conectar con la cañería maestra, tubo de conducción u otro tubo, alambre o conexión usada para surtir de gas de alumbrado o luz eléctrica, de modo que no sea medido, y por consiguiente no aparezca consumido; o que obstruya la acción del contador con igual propósito, perjudicando o defraudando en cualquier caso a la compañía productora. En este caso sólo se imputa al acusado que aflojó un tapón o fusible y conectó un alambre en contacto con la tierra; pero no

dice que de este modo se surtió de corriente al dueño de la casa; por otra parte, el acusado no aparece lucrándose en forma alguna de la conexión fraudulenta alegada, puesto que a él no se le suministraba luz, según se alega en la denuncia.''

Las denuncias, de modo positivo, imputan al acusado haber aflojado un tapón o fusible de la instalación destinada a suministrar luz en determinadas casas, conectando con dicha instalación un alambre en contacto con la tierra, obstruyendo así la acción del metro usado para registrar la luz y haciendo que se eludiera de tal modo el pago del derecho correspondiente por la luz consumida, todo ello actuando ilegal, voluntaria y maliciosamente, y con la intención de defraudar a la compañía dueña de la corriente eléctrica.

■ Es cierto que la ley especifica determinados medios para la comisión del delito y que ninguno de ellos fué el usado por el acusado en estos casos, pero también dice: ''o de cualquier otro modo,'' y en ese amplio concepto cabe el medio puesto en práctica por el acusado para perpetrar el acto prohibido por la ley.

■ No era necesario alegar en la denuncia que el dueño de la casa se surtió de corriente. El acto delictivo realizado por el acusado con intención de perjudicar al dueño de la corriente eléctrica, se consumó por completo cuando terminó su obra por virtud de la cual quedó aislado el contador, permitiendo que la corriente pasara sin dejar marca en el mismo. Que no se realice tal acto y que si se realiza sea su autor considerado reo de *misdemeanor,* fué el claro propósito de la ley.

La intención de defraudar a la compañía dueña de la corriente, se alega expresamente en la denuncia. Según el propio Código Penal, artículo 12, ''la intención se manifiesta por las circunstancias relacionadas con el delito, y el sano juicio y discreción del acusado. . . Una intención maliciosa y criminal se presume por la manera y deliberación con que

se intente o cometa un acto ilegal con el propósito de perjudicar a otro.''

No sólo se imputa expresamente en la denuncia la intención de defraudar, sino que a mayor abundamiento se alega que el acusado actuó maliciosamente, lo que, según el artículo 559, número 4, del repetido Código Penal, denota ''la comisión de un acto dañoso, intencionalmente, sin justa causa o excusa—la esciente infracción de la ley, en perjuicio de otro.''

Tampoco era necesario alegar que el acusado se había lucrado en forma alguna. La inferencia lógica del acto realizado, es la obtención de algún lucro por parte del que lo realiza, pero el delito puede perpetrarse por mera maldad o sin recibirse beneficio pecuniario alguno. El legislador no ha querido introducir esas complicaciones, que harían difícil la persecución de los delincuentes. En el acto hay siempre un fraude, o por lo menos una intención de perjudicar o defraudar, que es todo lo que exige el estatuto. Por lo tanto, una persona aunque no se lucre con ello, que use de sus conocimientos o habilidades para que otra pueda recibir corriente sin pagar, de la manera que prescribe el artículo 440 del Código Penal, perpetra el delito, y también lo perpetraría el que lo llevara a efecto sin beneficio para él ni para otra persona individual, por ejemplo, en relación con el alumbrado público. Y es que bajo cualquier aspecto que el acto se realice, se está siempre perjudicando o defraudando a alguien, el dueño de la corriente, en una forma insidiosa, oculta e ilegal.

En tal virtud, examinadas las denuncias a la luz de la ley aplicable, estimamos que son suficientes y que al resolver lo contrario erró la corte de distrito, *debiendo revocarse sus sentencias de sobreseimiento y absolución y ordenarse que continúen las causas tramitándose de acuerdo con la ley.*

El Juez Asociado Señor Texidor no intervino.