EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL SERRANO, acusado y apelante.

No. 4644.—*Sometido:* Junio 22, 1932.  *Resuelto:* Diciembre 9, 1932.

*Agustín E. Font* y *Edelmiro Soldevila*, abogados del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La denuncia origen de este proceso se presentó en la Corte Municipal de Ponce. Imputa al acusado la comisión del delito previsto en el artículo 440 del Código Penal y en lo pertinente dice:

"Porque el referido acusado Rafael Serrano, allá, en o por uno de los días del mes de mayo de 1930 y en la ciudad de Ponce, . . . voluntaria e ilegalmente y con el propósito de perjudicar a la City of Ponce Gas Co., . . . y con el fin de eludir el pago de los derechos correspondientes, conectó un tubo al tubo de conducción del gas de alumbrado que dicha corporación había instalado para surtir gas de alumbrado a la casa del acusado y por medio de ese tubo así conectado fraudulentamente por el acusado, éste podía usar y consumir como usó y consumió fraudulentamente todo el gas de alumbrado que quiso de la citada corporación sin que la cantidad de gas de alumbrado fraudulentamente usado y consumido por Rafael Serrano fuera registrado en el contador que para ese efecto había colocado la City of Ponce Gas Co. en la casa del acusado, contador que había sido quitado por la referida corporación desde hacía ya mucho tiempo, antes de haber sido sorprendido el acusado en la fecha arriba indicada, usando y consumiendo, como anteriormente se ha expuesto, el gas de alumbrado de la City of Ponce Gas Co., perjudicando el acusado a la citada corporación, al usar dicho gas de alumbrado fraudulentamente sin pagar por el uso y consumo del mismo, en varios centenares de dólares, moneda de curso legal de los Estados Unidos."

Condenado el acusado en la corte municipal, apeló para ante la de distrito. Al comenzar el juicio, presentó la excepción perentoria de que la denuncia no aducía hechos suficientes para constituir un delito público ni menos el previsto y castigado en el artículo 440 del Código Penal. La cuestión fué ampliamente debatida por las partes y resuelta en contra

del acusado por la corte que consignó en el récord las razones que tuvo para ello.

Se insistió entonces por el acusado en que se trataba en todo caso de un *felony* y no de un *misdemeanor* careciendo por tanto la corte de jurisdicción en apelación y la corte decidió que se trataba de un *misdemeanor*.

Practicada la prueba, la corte dictó sentencia condenatoria. No conforme el acusado interpuso el presente recurso de apelación. Sostiene en su alegato que la corte erró, 1, al declararse con jurisdicción, 2, al desestimar la excepción perentoria y 3, al apreciar la prueba.

█ █ Los dos primeros errores pueden y deben estudiarse conjuntamente. Si la denuncia imputa el delito previsto y castigado en el artículo 440 del Código Penal no sólo estuvo bien declarada sin lugar la excepción si que la jurisdicción de la corte resulta clara. Si lo contrario, el proceso cae por su base.

El repetido artículo 440 del Código Penal es como sigue:

"Artículo 440. Toda persona que con el propósito de perjudicar o defraudar, hiciere, o mandare hacer algún tubo, conducto, alambre, u otro instrumento, y lo conectare o hiciere conectar con la cañería maestra, tubo de conducción u otro tubo, alambre o conexión usada para surtir de gas de alumbrado o luz eléctrica, de modo que se surta de gas de alumbrado o luz eléctrica a cualquier quemador, orificio, globo u otra conexión, en que se consuma o por el cual se trasmita dicho gas o luz, alrededor del metro provisto para medir y registrar la cantidad consumida, y sin pasar por dicho metro, o de cualquier otro modo, con el fin de eludir el correspondiente derecho, así como toda persona que con igual propósito obstruyere la acción de dicho metro, incurrirá en *misdemeanor*.

Y argumentando su contención dice el apelante en su alegato:

"Aunque la denuncia en su epígrafe expresa que se interpone por la infracción al artículo 440 del Código Penal, no cae dentro de este artículo propiamente considerado e imputa por el contrario la comisión del delito grave de hurto de mayor cuantía. . . .

"La circunstancia de que el acusado se valió de· la conexión de un tubo para cometer el delito, como está alegada no puede hacer caer éste dentro del artículo 440. Véase que este artículo gira primordialmente sobre conexiones fraudulentas ¿dónde?—alrededor del metro, y téngase muy en cuenta que precisamente y de modo expreso en la denuncia de autos se dice que en este caso no había tal metro. . . . ·

"En la denuncia se alega únicamente que el acusado conectó el tubo. El artículo citado exige además que el acusado haya hecho 'o mandara hacer el tubo de referencia, lo cual no se alega en la denuncia. . . .

"Para llegar al convencimiento de que debe entenderse indispensable que se alegue que el acusado hizo o mandó hacer el tubo, se debe comparar el artículo 440 con el 441 siguiente. . . . cuando la Legislatura al referirse a una cañería de agua omitió en el artículo 441 la frase 'que hiciera o mandare hacer algún tubo' y la incluyó en el 440 al referirse a una cañería de gas, es signo evidente de que el delito definido en el artículo 440 no queda perfeccionado sin la concurrencia del elemento encerrado en la frase 'que hiciere 'o mandare hacer algún tubo'. . . .

"Mas no es lo expuesto la única deficiencia de la denuncia. Para ésta aducir hechos suficientes bajo el artículo 440 ya citado, es necesario que exprese clara y taxativamente que el tubo así conectado surtía de gas de alumbrado 'a cualquier quemador, 'orificio, globo u otra conexión, en que se consuma o por el cual se trasmita dicho gas.' La denuncia no alega ni expresa este extremo. . . .''

El artículo 440 forma parte del Capítulo V del Título XVII del Código Penal. El título comprende los "Delitos contra la Propiedad" y el Capítulo el "Hurto". Comienza el Capítulo por el artículo 426 que define el hurto como "el acto de sustraer, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona." Los artículos 427 al 431 inclusives tratan de la división del hurto en de mayor cuantía y de menor cuantía. Esos son los preceptos generales. Siguen entonces los artículos 432 al 444 que tratan de casos especiales de hurto, a saber: conversión de bienes inmuebles en muebles, encuentro de lo perdido, hurto de comprobantes de crédito y de billetes de transporte, compra de propiedad robada, introducción en Puerto Rico de propiedad

hurtada, conexión fraudulenta de tubos o alambres para proporcionarse gas o electricidad (que es el caso de autos), conexión fraudulenta de tubos para proporcionarse agua, propiedad salvada de incendio cuando no se notifica al dueño, traslado o destrucción de bienes inmuebles después de hipotecados y apertura de grifos o espitas cerrados por causa especial.

El artículo 440 del Código Penal de Puerto Rico es igual al 498 del Código Penal de California que también está incluído en el Capítulo que trata del delito de hurto.

Ni las partes han citado ni hemos podido encontrar nos-. otros decisión alguna del continente interpretando especialmente el artículo 498 de California. El 440 de Puerto Rico fué interpretado ya por esta Corte Suprema en el caso de *El Pueblo* v. *Palacios*, 41 D.P.R. 936.

Tanto en Pomeroy como en Kerr se cita al pie del artículo 498 el caso de *Commonwealth* v. *Shaw*, 4 Allen (Mass) 308, 81 Am. Dec. 706. En el tomo correspondiente de Am. Dec. se hace referencia a los casos de *State* v. *South*, 75 Am. Dec. 250, nota 253, y *State* v. *Homes*, 57 Am. Dec. 276 a los efectos de una ilustración sobre lo que constituye hurto.

El estudio de todos dichos casos permite concluir que los legisladores de California y Puerto Rico incluyeron propiamente el delito especial de que se trata en el capítulo del Código Penal dedicado al "Hurto". Tanto el gas fluido como la electricidad son susceptibles de hurtarse. Y cuando se sustraen con intención criminal constituyen hurtos y no abusos de confianza.

¿Se imputó en este caso el delito especial de hurto de que se trata? La respuesta debe contestarse en la afirmativa, a nuestro juicio.

Creemos que el precepto legal fué redactado en la forma en que se encuentra quizá con el propósito de incluir no sólo al que se aprovecha del gas del modo fraudulento que se indica si que también a la persona que se prestara a usar de sus conocimientos para hacer posible tal fraude fabricando

el tubo para hacer o haciendo la conexión, con intención fraudulenta, por supuesto.

En cuanto al uso de la *y* precediendo a las palabras *lo conectare,* es evidente que no produce el efecto de que para que exista el delito sea necesario que la persona que haga la conexión o la ordene sea la misma que haga o mande hacer el tubo. Como bien dijo la corte sentenciadora al desestimar la excepción:

"Son varios los casos que sostienen que la palabra *and* (*y*), puede ser y debe ser interpretada como significando *or* (*o*).

"En el caso de *United States* v. *White,* 38 Fed. 106, se interpreta que un estatuto que decía que sería criminal el robarse o destruir una carta y robarse el contenido de la misma, debía ser usada la palabra *y,* como significando *o*—que no era necesario que la persona que se robara una carta tuviera que abrirla y robarse el contenido.

"Asimismo, en el caso de State v. Smith, 46 Wyo. 670, se interpretó que un estatuto que decía que el padre y la madre de un niño menor de seis años que fuera expuesto con el fin de abandonarlo, etc., no implicaba que el delito fuera cometido por el padre y la madre, sino que la palabra *y* podría interpretarse como que el padre o la madre, indistintamente, podrían cometer el delito.

"En el caso de State v. Miles, de Wyoming, en que se castigaba el poseer una moneda falsificada y el pasarla y ponerla en circulación, se interpretó que la palabra *y* podría interpretarse igual que *o,* y que la mera posesión de una moneda falsificada era suficiente y no había la necesidad de alegarse y probarse que se había puesto en circulación."

Véase la reciente decisión de esta corte en el caso de *Estela* v. *Sucesión Medraño,* 44 D.P.R. 149.

■■ En cuanto a que la denuncia no aduce hechos suficientes porque no expresa clara y taxativamente que el tubo así conectado surtía de gas a cualquier quemador, orificio, globo u otra conexión en que se consuma o por el cual se trasmita dicho gas, bastará recordar que la denuncia imputa al acusado distintamente el hecho de que a virtud del tubo que colocó y de la conexión que hizo en comunicación con el tubo de conducción del gas alumbrado de la City of Ponce

Gas Co., podría usar y consumir como usó y consumió todo el gas de dicha corporación que quiso eludiendo el pago de los derechos correspondientes, y recordar también que la ley contiene las palabras "o de cualquier otro modo" que la hacen abarcar medios y situaciones no previstos en la misma.

Refiriéndose a esas palabras en el caso de *El Pueblo* v. *Palacios, supra,* dijo esta corte:

"Es cierto que la ley especifica determinados medios para la comisión del delito y que ninguno de ellos fué el usado por el acusado en estos casos, pero también dice: 'o de cualquier otro modo,' y en ese amplio concepto cabe el medio puesto en práctica por el acusado para perpetrar el acto prohibido por la ley."

¿Qué llevó al legislador a adoptar el precepto especial? ¿No eran suficientes los preceptos generales sobre el hurto que contiene el Código Penal?

En la mayoría de los casos, resuelto como ha sido por la jurisprudencia que el gas y la electricidad son susceptibles de sustraerse con intención criminal constituyendo un hurto el acto de la sustracción, hubieran bastado dichos preceptos generales, pero el legislador, previendo quizá la dificultad de probar la apropiación de la cosa, quiso que bastara la realización de la mera obra necesaria para verificarla para que el delito se entendiera cometido, castigando además como autor, como antes dijimos, al experto que se aviene a poner sus conocimientos al servicio de un fraude.

Además aquí la calificación en nada ha perjudicado al acusado. Más bien lo ha favorecido, porque pudiendo acusársele y condenársele quizá de un *felony* sólo se le acusó y condenó como autor de un *misdemeanor.*

En cuanto al tercer error, no existe. La prueba es fuerte. Sostiene el fallo de culpabilidad.

*Debe confirmarse la sentencia recurrida.*